IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV291

CHRISTINE MARIE CHISHOLM,      )
                               )
            Plaintiff,         )
                               )
vs.                            )                    ORDER
                               )
TAUHEED EPPS,                  )
                               )
            Defendant.         )
_____)

This matter is before the Court upon the Defendant's Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(4), and 12(b)(6). (Doc. No. 8). The *pro se* Plaintiff has filed numerous responses to the motion, along with various other submissions.

The Plaintiff filed her Complaint in state court on March 16, 2015, alleging defamation and other claims arising out of an incident that occurred backstage at a rap concert. Plaintiff alleges that Defendant, a rap artist, recorded a video of her backstage at one of his concerts in Charlotte on March 20, 2014. In the video, Defendant refers to Plaintiff as a "THOT." Compl. ¶ 7-11. THOT, according to the Complaint, is an acronym for "That Hoe Over There." Compl. ¶ 11. Defendant then allegedly posted the video to his blog and other websites, utilizing the hashtag #isthatyothot, where it has been viewed millions of times and commented on by various internet viewers. Compl. ¶ 13-15. As a result, Plaintiff alleges she was told by her manager at No Grease Barbershop, where she was employed, "not to come back to work" on April 3, 2014. Compl. ¶ 16-17. Further as a result, Plaintiff claims she has suffered "embarrassment, public ridicule, inability to find employment, and mental anguish." Compl. ¶ 24. Based on those allegations, Plaintiff brings claims for (1) Defamation *per se*, (2) Defamation, (3) Punitive

Damages, (4) Intentional/Reckless Infliction of Severe Emotional Distress, and (5) Unfair and Deceptive Trade Practices.

Although Plaintiff filed her Complaint on March 16, 2015, a summons was not issued until March 31 (the "Original Summons"), which Defendant has attached to his Motion to Dismiss as Exhibit A.[1]  On April 9, 2015, a deputy sheriff in New York attempted service on Defendant by serving the receptionist at a law office and mailing service to the same.  At some point thereafter, Plaintiff submitted documents to the state Clerk of Superior Court requesting a default judgment.  Those documents were not filed by the clerk.  On May 18, 2015, the state Clerk of Superior Court sent a letter to Plaintiff explaining, *inter alia*, that it is "not sufficient service" to serve process "on an attorney by leaving copies thereof with the attorney's receptionist."  A new summons was issued on May 21, 2015, a third on June 1, and a fourth on June 8, 2015 (the "Operative Summons"). None of these contain any reference to a previous summons, nor do any indicate they are an alias and pluries summons.  None contain an endorsement, and the state court file contains no receipt showing that a fee was paid for any endorsements or alias and pluries summonses. The Operative Summons was served on Defendant along with a copy of the Complaint on June 9, 2015.  Defendant thereafter timely removed this action to federal court.

Defendant first seeks to dismiss the Complaint pursuant to Rule 12(b)(4) for insufficient process, because the Operative Summons, as well as the Original Summons and all intervening summonses, were issued more than five days after the Complaint was filed, in violation of Rule 4

---

[1] The Defendant has also attached a certified copy of the file maintained by the Clerk of Superior Court, Mecklenburg County, NC. The Court may consider matters outside the pleadings in deciding motions to dismiss for lack of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In any case, the Court may take judicial notice of relevant pleadings filed in state court in deciding a motion to dismiss. *Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (holding that a federal court can take judicial notice of state court records in deciding a motion to dismiss without converting the motion to dismiss into one for summary judgment).

of the North Carolina Rules of Civil Procedure. Rule 4 requires that a summons be issued "forthwith" after the filing of a Complaint, but "in any event within five days." N.C. R. Civ. P. 4; *see also* N.C. R. Civ. P. 4, Comment ("The five-day period was inserted to mark the outer limits of tolerance in respect to delay in issuing the summons."). It appears that the first summons was issued on March 31, 2015 (15 days after the Complaint was filed), the second on May 21, 2015 (66 days), the third on June 1, 2015 (77 days), and the fourth—and only one served on Defendant—on June 8, 2015 (84 days). While only the last one has any significance, not a single summons was ever effective because none was issued within the required five-day window.

The North Carolina Court of Appeals has made clear that the failure to have a summons issued within five days of filing the complaint is fatal: "Because Plaintiff's complaint was filed but proper summons did not issue within the five days allowed under the rule, the action is deemed never to have commenced." *Conner Bros. Mach. Co., Inc. v. Rogers*, 177 N.C. App. 560, 561 (2006) (internal quotation marks and citations omitted). "It is well settled that the summons, not the complaint, constitutes the exercise of power of the State to bring the defendant before the court." *Stinchcomb v. Presbyterian Medical Care Corp*., 211 N.C. App. 556, 562 (2011). But, "[i]n order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute." *Id*. Here, the summons was not issued in the manner prescribed by statute and, as a result, the action is deemed never to have commenced. The Court has no choice but to dismiss this action pursuant to Rules 12(b)(4) and 12(b)(1).

Even if Plaintiff had properly issued the summons in accordance with the requirements of Rule 4, her Complaint would nevertheless be dismissed pursuant to Rule 12(b)(6). The two defamation claims are barred by the statute of limitations. In North Carolina, the statute of limitations for defamation—whether libel or slander—is one year. N.C. Gen. Stat. § 1-54(3); *see*

*also Bailiff v. Davenport Transp., Inc*., No. 3:13-CV- 308, 2013 WL 6229150, at *5 (W.D.N.C. Dec. 2, 2013) ("[T]he statute of limitations in North Carolina for a defamation action is one year from the date the action accrues."). The action accrues "at the date of the publication of the alleged defamatory words." *Merritt, Flebotte, Wilson, Webb & Caruso, PLLC v. Hemmings*, 196 N.C. App. 600, 611 (2009). Here, the Complaint alleges that the allegedly defamatory remarks were uttered on March 20, 2014, Compl. ¶ 8-11, and Plaintiff lost her job as a result on April 3, 2014, Compl. ¶ 17. Therefore, by necessity, the defamatory remarks were published sometime between March 20, 2014 and April 3, 2014. Even assuming they were published on April 3, 2014, the latest date possible, the statute of limitations has expired because the Operative Summons was issued June 8, 2015—well over a year later.

The North Carolina Court of Appeals has held that because N.C. R. Civ. P. 4(d) refers to a "chain of summonses," there is an "implicit requirement that an alias or pluries summons contain a reference in its body to indicate its alleged relation to the original." *Inegon General Ins. Co. v. Martin*, 127 N.C. App. 440 (1997). What's more, "[t]he issuance of an alias or pluries summons without this reference has the double effect of initiating a new action and discontinuing the original one." *Id*. This has long been the law in North Carolina, as the North Carolina Supreme Court has held that: "The issuance of a second summons in the form of an original, without something in the body of it to indicate its relation to the original, has the force and effect of initiating an independent action." *Mintz v. Frink*, 217 N.C. 101, 104 (1940).

The summonses in this case—and in particular the one served on Defendant—bear no reference to any previous summons. The checkbox for "alias and pluries summons" is not checked; the checkbox for "endorsement" is not checked; there is nothing in the state court file to indicate the fee for an endorsement or alias and pluries summons was paid; the form field for

"Date original summons was issued" is blank; and there is no other reference to an earlier summons. Therefore, when the Operative Summons was issued on June 8, 2015 with no reference to an earlier summons, the "chain of summonses" was broken, all previous summonses were discontinued, and a new action was initiated. June 8, 2015 is well over a year after April 3, 2014, the last possible date of publication of the allegedly defamatory action. Accordingly, the defamation claims are barred and must be dismissed.

Plaintiff's third claim is for "punitive damages." However, "the law is settled as to both federal claims and state-law claims that a 'claim' for damages is not a freestanding cause of action. North Carolina does not recognize a 'cause of action' for punitive damages." *Baldwin v. Duke Energy Corp.*, No. 3:12-CV-212, 2012 WL 3562402, at *1 (W.D.N.C. Aug. 17, 2012). Indeed, [a]s a general rule, 'punitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it." *Id.* (citing J. Stein, *Damages and Recovery*, § 195 at 389 (1972)).

Plaintiff's fourth claim for relief is for "intentional/reckless infliction of severe emotional distress." Under North Carolina law, to prevail on a claim for intentional infliction of emotional distress ("IIED") a plaintiff must prove: (1) extreme and outrageous conduct; (2) which is intended to cause, and does cause; (3) severe emotional distress to another. *Hogan v. Forsyth Country Club*, 79 N.C. App. 483, 487-88 (1986). These requirements place a significant burden on a plaintiff alleging IIED. The requisite "extreme and outrageous conduct" has been found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 493.

Plaintiff has failed to satisfy her burden. North Carolina courts have held that "mere insults, indignities, and threats" do not constitute conduct that is extreme or outrageous. *Guthrie v. Conroy*, 152 N.C. App. 15, 22 (2002); *see Harstell v. Duplex Prods., Inc.*, 123 F.3d 766, 774 (4th Cir. 1997) (stating that "inconsiderate and insulting" behavior does not constitute extreme and outrageous behavior); *see also Hogan*, 79 N.C. App. at 493-94 (noting that "plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate or unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt."). As such, Defendant's use of the word THOT cannot constitute the foundational "extreme or outrageous conduct" for an IIED claim.

Plaintiff's fifth cause of action is merely a heading alleging a violation of North Carolina's Unfair and Deceptive Trade Practices Act, devoid of any factual allegations. While district courts have a duty to construe *pro se* pleadings liberally, "a *pro se* plaintiff must nevertheless allege facts that state a cause of action." *Consider v. Medicare*, No. 3:09- CV-00049, 2009 WL 9052195, at *1 (W.D. Va. Aug. 3, 2009) *aff'd*, 373 F. App'x 341 (4th Cir. 2010). Even when the plaintiff is *pro se*, courts are "entitled to dismiss claims when the pleadings are 'conclusory' and 'do not plausibly establish' that [a defendant acted unlawfully]." *Id.* In Plaintiff's fifth cause of action herein, there is nothing even to construe – liberally or otherwise. The Fourth Circuit has made clear that "[d]istrict judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even in the case of *pro se* litigants, [district judges] cannot be expected to construct full blown claims from sentence fragments," or, in this case, a simple heading that states the title of a statute. *Id.* Accordingly, count five also fails to state a claim upon which relief can be granted.

Plaintiff attempted to file an amended complaint on August 12, 2015 without leave of Court.  Defendant moved to strike or dismiss on the basis of futility.  Plaintiff's proposed amended complaint fails to remedy the deficiencies in her original complaint. Accordingly, the Court will dismiss the "Revised Complaint" on the grounds of futility.

IT IS THEREFORE ORDERED that Defendant's Motions to Dismiss (Doc. Nos. 8, 17) are hereby GRANTED and Plaintiff's Complaint is dismissed with prejudice.  Plaintiff's remaining motions are denied as moot.

Signed: November 30, 2015

Graham C. Mullen
United States District Judge